# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| SOHAIL AKBANI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-cv-1154-M |
| | § | |
| TRC ENGINEERS, INC. and TRC | § | |
| COMPANIES, INC. d/b/a TRC TEXAS | § | |
| INFRASTRUCTURE, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff's Amended Motion for Leave to File First Amended Complaint [Docket Entry #6] and Motion to Remand [Docket Entry #2]. For the reasons below, both Motions are **DENIED**.

### I.        Background and Procedural History

Plaintiff Sohail Akbani filed this action for negligence and breach of contract against Defendants TRC Engineers, Inc. and TRC Companies, Inc. d/b/a TRC Texas Infrastructure, Inc. (collectively "TRC") in state court on May 4, 2009. Akbani's claims arise out of his contracts with TRC for engineering services related to the construction of a house on his property.[1]

According to Akbani's Petition, TRC issued a final plat[2] for this property that failed to properly demarcate a portion of an existing sanitary and drainage easement owned by the City of Dallas.[3] After substantial construction had occurred, the City of Dallas informed Akbani that a

---

[1] It is unclear from the record whether the contracts were with one or both TRC entities. As the issue has no bearing on the resolution of these motions, the collective "TRC" is used.

[2] A plat is a ground plan of an area of land.

[3] See Akbani's Petition at 2.

portion of the house was situated over this easement.  Akbani contracted with TRC to prepare

revised site drainage plans and to work with the City of Dallas to release a portion of the

easement so that construction of the house could continue.  Akbani alleges that TRC informed

him that the drawings from the City of Dallas showed a pipe lying within this easement

underneath the foundation of the house.[4]  Akbani contracted with TRC to perform design

services to reroute the pipe, and retained third parties to perform the construction services.  The

construction contractor excavated several areas where TRC had allegedly identified the existing

pipe, but did not find the pipe.  The contractor subsequently found the existing pipe by

excavating areas within the easement where the rerouted pipe was to be installed.  Kylon Wilson

was the TRC engineer who sealed the drawings containing the allegedly incomplete information

regarding the easement, and who oversaw the design services to reroute the original pipe.

Wilson is no longer employed by TRC.

On June 19, 2009, TRC removed the case to this Court, alleging diversity jurisdiction.

On August 5, 2009, Akbani filed his Motion seeking leave to join Wilson, a Texas resident, as a

Defendant.[5]  If the Court were to grant the Motion, the joinder of Wilson would destroy complete

diversity and the Court would remand the case to state court.  TRC opposes this Motion,

claiming that Akbani seeks to join Wilson only to defeat diversity and that Akbani has no viable

claims against Wilson.

## II.      Analysis

### A.  Leave to Amend

A motion for leave to amend to add a non-diverse party whose inclusion would destroy

diversity and divest the district court of jurisdiction is governed by 28 U.S.C. § 1447(e), not Rule

---

[4] *See id.* at 3.
[5] Akbani first attempted to join Wilson on July 20, 2009, when he filed a Motion for Leave to File First Amended Complaint.  That Motion was superseded by the Amended Motion.

15(a).[6]  Under 28 U.S.C. § 1447(e), the court has discretion either to deny joinder and retain the case, or to permit joinder and remand the action to the state court.[7]  The Fifth Circuit has stated that district courts should scrutinize such amendments more closely than an ordinary amendment, and should balance the equities to decide whether amendment should be permitted.[8]

A party seeking to preserve federal jurisdiction by alleging improper joinder "bears a heavy burden."[9]  The Fifth Circuit has recognized two ways to demonstrate improper joinder: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[10]  Under the second method, a defendant must demonstrate that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[11]  This requires a Rule 12(b)(6)-type analysis in which the district court must evaluate all factual allegations and any ambiguities in the controlling state law in favor of the plaintiff.[12]

In this case, amendment to join Wilson would be futile because Akbani has no legitimate claims against Wilson.  Because Akbani only contracted with TRC, and not with Wilson, Akbani cannot state a breach of contract claim against Wilson.  This leaves only the possibility of a negligence claim.  Akbani asserts that Wilson is personally liable for any errors or omissions in the engineering services performed by TRC.  In support of his argument, Akbani cites to the Texas Engineering Practice Act, which provides that licensed engineers "take full professional

---

[6] *See Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991).
[7] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *see Alba v. Southern Farm Bureau Cas. Ins. Co.*, 2008 WL 4287786 at *1 (N.D. Tex. Sept. 19, 2008) (Fitzwater, C.J.).
[8] *Hensgens*, 833 F.2d at 1182.
[9] *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).
[10] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir.1999)).  TRC does not allege actual fraud in the pleading of jurisdictional facts.
[11] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis*, 326 F.3d at 648).
[12] *See id.*; *Sid Richardson*, 99 F.3d at 751 (citing *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).

responsibility" for work they have sealed.[13]  TRC argues in response that the Texas Engineering

Practice Act establishes the Texas Board of Professional Engineers and empowers the Board to

regulate the profession, but does not create any private rights of action that can be sued upon in

this Court.[14]   Furthermore, TRC asserts that the "economic loss" doctrine applied by Texas

courts precludes Akbani's claim against Wilson.

The Texas Supreme Court has held that "[w]hen the injury is only the economic loss to

the subject of the contract itself the action sounds in contract alone."[15]  The application of the

"economic loss" rule thus generally precludes recovery in tort for economic losses resulting from

the failure of a party to perform under a contract.[16]  The rule applies even when the breach of

contract might reasonably be viewed as a consequence of a contracting party's negligence.[17]  The

rule has also been applied where there has been no contractual privity.[18]  The focus of the

economic loss rule is on determining whether the injury is to the subject of the contract itself.[19]

Akbani claims that he is seeking damages beyond the subject of his contracts with TRC.

He contends that the subject matter of TRC's contracts was the preparation of a plat and the

design of a retaining wall, among other items, to accommodate the relocation of the sewage pipe

---

[13] Akbani's Amended Motion for Leave at 3.

[14] Akbani does not dispute that  the Texas Engineering Practice Act does not create any private rights of action.

[15] *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991) (quoting *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)).  This rule has also been followed by federal district courts in Texas applying state law.  *See, e.g., Worldpak Int'l, LLC v. Diablo Valley Packaging, Inc.*, 2009 U.S. Dist. LEXIS 47874, at *5 (E.D. Tex. June 4, 2009); *Clems Ye Olde Homestead Farms Ltd. v. Briscoe*, 2008 U.S. Dist. LEXIS 98845, at *20-21 (E.D. Tex. Dec. 8, 2008).

[16] *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007) (citing *Sw. Bell*, 809 S.W.2d at 494-95); *see Coffey v. Fort Wayne Pools*, 24 F. Supp. 2d 671, 687 (N.D. Tex. 1998) ("It is well-settled Texas law that a plaintiff cannot maintain a tort action against a defendant when his damages are only for economic losses caused by the failure to perform a contract.") (citations omitted).

[17] *Lamar Homes,* 242 S.W.3d at 13 (citing *Jim Walter Homes,* 711 S.W.2d at 618).

[18] *See, e.g., Hou-Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103, 106-07 (Tex. App. Houston [14th Dist.] 2000, no pet.) (applying the rule to preclude tort recovery for costs of a dry well against a software designer whose software did not properly predict where to drill, where there was no contractual privity between the plaintiff and the software designer).  The economic loss rule has also been applied by federal courts in the absence of contractual privity.  *See, e.g., Hininger v. Case Corp.*, 23 F.3d 124, 126-27 (5th Cir. 1994); *Briscoe*, 2008 U.S. Dist. LEXIS, at *24.

[19] *Lamar Homes,* 242 S.W.3d at 13.

within the reduced easement negotiated with the City of Dallas.[20]  Akbani argues that the damages identified in his pre-suit demand letter to TRC—temporary living expenses, delay damages, storage fees, diminution in value, increased financing charges, and attorneys' fees incurred in dealing with the City of Dallas—constitute "other property" to which the economic loss rule does not apply.[21]

Texas courts have held that it is the nature of the injury, not the nature of the damages sought, that affects the applicability of the economic loss rule.[22]  Other than the claim for attorney's fees, all of Akbani's alleged damages stem, either directly or indirectly, from the preparation of a plat and the design of a retaining wall, among other items, to accommodate the relocation of the sewage pipe within a reduced easement—precisely what Akbani claims to be the subject of his contracts with TRC as well as the basis for his claim against Wilson.[23]  Akbani bases both his negligence and breach of contract claims upon the same set of facts; neither TRC nor Wilson could be liable for negligence without the existence of the contracts.  Thus, Akbani clearly seeks to recover for losses sustained as a result of an alleged breach of contract.  His cause of action against Wilson for negligence is therefore barred by the economic loss rule.

Because there is no reasonable possibility of recovery by Akbani against Wilson on the claims alleged, the Court concludes that Wilson's joinder would be improper.

This conclusion alternatively follows from the application of the Fifth Circuit's standard for evaluating a motion for leave to amend to join a non-diverse party.  In balancing the original defendants' interest in maintaining a federal forum against the plaintiff's interest in avoiding

---

[20] Akbani's Reply at 5.
[21] *See* Akbani's Reply at 4-5.
[22] *See Acad. of Skills & Knowledge, Inc. v. Charter Sch., USA, Inc.*, 260 S.W.3d 529, 541 (Tex. App.—Tyler 2008) (citing *Sw. Bell*, 809 S.W.2d at 494-95; *Lamar Homes*, 242 S.W.3d at 12); *Worldpak Int'l,* 2009 U.S. Dist. LEXIS, at *7-8 (citations omitted).
[23] *Compare Admiral Ins. Co. v. Little Big Inch Pipeline Co.*, 523 F. Supp. 2d 524, 539-40 (W.D. Tex. 2007) (holding that the land alleged to have diminished in value was not the subject of the contract, because it was not the same land on which the gas pipes at issue were negligently excavated).

multiple and parallel litigation, a court should consider:  (1) the extent to which the purpose of

the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in

asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not

allowed; and (4) any other factors bearing on the equities.[24]

     As to the first factor, the Court believes that Akbani's purpose in joining Wilson is to

defeat diversity jurisdiction.  Naming a non-diverse party against whom there is no reasonable

possibility of recovery provides some evidence that Akbani filed the motion to join Wilson in

order to destroy federal jurisdiction.[25]  The concomitant filing of a motion to remand on the basis

of destruction of diversity with the motion to join Wilson strongly supports this conclusion.[26]

Thus, the first factor weighs heavily against allowing leave to amend.

     Courts generally find that a plaintiff is not dilatory in seeking to amend a complaint when

no trial or pre-trial dates have been scheduled and no significant activity beyond the pleading

stage has occurred.[27]  No scheduling order has yet been entered in this case, and only one month

passed between removal and Akbani's first attempt to amend; thus the Court finds that Akbani's

motion to amend was not dilatory.

     The third factor examines whether denying amendment would cause prejudice. The Court

finds that, as there is scant possibility of recovery against Wilson, there is little chance of

prejudice in denying Akbani's motion for leave to join Wilson.

     The final factor requires this Court to consider "any other factors bearing on the

---

[24] *Hensgens*, 833 F.2d at 1182.

[25] *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir. 1999) (stating in dicta that "[a] request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction (*i.e.*, a request fraudulently to join a party) would never be granted"); *Tillman*, 929 F.2d at 1029 (stating that the validity of the new cause of action is one indicator of whether the principal purpose of the proposed joinder is to defeat diversity).

[26] *See Smith v. Robin Am., Inc.*, 2009 U.S. Dist. LEXIS 69514, at *15 (S.D. Tex. Aug. 7, 2009) (Harmon, J.) (the inference that plaintiff's motive is to defeat diversity and destroy federal jurisdiction "is an especially strong inference to make when the motion to remand is made within the same pleading as the motion for leave to amend").

[27] *See Smith*, 2009 U.S. Dist. LEXIS, at *17 (citations omitted).

equities." The main concern at issue here is that TRC will be deprived of the federal forum they properly invoked. Thus, this factor weighs against allowing amendment.

The balance of these factors weighs against granting the motion to amend. Thus, denial of Akbani's motion for leave to amend to join Wilson is appropriate.

B.  *Motion to Remand*

The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Subsection (b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought."[28] Because the Court finds that joinder of Wilson would be improper, diversity jurisdiction remains intact and the motion to remand is denied.

### III.   Conclusion

Plaintiff's Amended Motion for Leave to File First Amended Complaint is therefore **DENIED**. The Court retains diversity jurisdiction over this case, and thus the Motion to Remand is also **DENIED**.

**SO ORDERED.**

August 25, 2009.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[28] 28 U.S.C. § 1441(b) (West 2006 & Supp. 2008) (emphasis added).